817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett Ray SNYDER, Jr., Plaintiff-Appellant,
v.
John E. HOPKINS, III, Sheriff; Jess R. Hazelwood; Giles
County Jail, Defendants-Appellees.
 No. 86-6821.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 9, 1987.
Decided April 21, 1987.
 
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Everett Ray Snyder, Jr., appellant pro se.
 Raymond R. Robrecht, for appellees.
 PER CURIAM:
 
 
 1
 Everett Ray Snyder, Jr., brought this Sec. 1983 action, alleging that conditions of confinement as a pre-trial detainee at the Giles County, Virginia Jail were unconstitutional. The district court concluded that the conditions did not violate the Eighth Amendment's prohibitions against cruel and unusual punishment. Further, the court found that Snyder did not show how the defendants were directly responsible for conditions at the jail. The case was dismissed. We vacate and remand.
 
 
 2
 The district court correctly noted that confinement conditions of pre-trial detainees are to be evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Those due process rights are at least coextensive with rights accorded convicts under the Eighth Amendment. Loe v. Armistead, 582 F.2d 1291, 1294 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980). Many of the conditions Snyder identifies in his detailed complaint have been held to state an Eighth Amendment claim. These include, but are not limited to, inadequate medical care, see Estelle v. Gamble, 429 U.S. 97 (1976); inadequate heating and ventilation and unsanitary living conditions, see Bolding v. Holshouser, 575 F.2d 461 (4th Cir.), cert. denied, 439 U.S. 837 (1978), and unwholesome food prepared in a dirty kitchen, see id. Giving Snyder's complaint the liberal construction due it under Haines v. Kerner, 404 U.S. 519 (1972), we believe that Snyder has presented facts sufficient to state a cause of action for which he might recover damages under Sec. 1983.*
 
 
 3
 Named as defendants are the Giles County Jail, Sheriff John Hopkins and Chief Jailer Jess R. Hazelwood. Contrary to the district court's finding, we note that Snyder specifically alleges that they bear responsibility for the conditions under which he was confined. For instance, Snyder chronicles his attempts to obtain treatment for a painful back injury, defendants' promises to procure adequate treatment and their failure to do so.
 
 
 4
 We express no opinion as to the merits of the lawsuit. We find that dismissal was improper on the record as it now stands. On remand, defendants should be required to submit a detailed answer to all of Snyder's allegations; defendants' one-sentence denial that they have violated Snyder's rights does not assist a court in adjudicating the action.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the lower court's order and remand for further proceedings.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The lower court correctly concluded that Snyder's prayer for injunctive relief was moot because Snyder has been transferred from the jail